# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50908
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR DAVID HERNANDEZ GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-203-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Oscar David Hernandez Gonzalez (Hernandez) appeals the 36-month sentence imposed after his guilty-plea conviction for illegal reentry following prior deportation. He argues that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He argues that his offense of illegal reentry was, at most, an international trespass and that his offense level was inflated because U.S.S.G. § 2L1.2 effectively double counts a defendant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history. He argues further that the district court gave inordinate weight to his remote, relatively minor prior offenses and failed to give sufficient weight to his personal circumstances.

Hernandez has not shown that his sentence was substantively unreasonable. We have rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international-trespass offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have likewise rejected the argument that a sentence imposed pursuant to § 2L1.2 is necessarily greater than necessary to meet the sentencing goals of § 3553(a) due to any double counting that is inherent in that guideline. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009).

Furthermore, the record reflects that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in deciding that an upward variance was merited. The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors, including Hernandez's history and characteristics, the need to promote respect for the laws of the United States, the need to provide a just punishment, and the need to deter future crimes. Specifically, the district court determined that the guidelines range did not account for Hernandez's extensive prior criminal history. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Hernandez has not shown that the district court abused its discretion in weighing the § 3553(a) factors. *See Gall v. United States*, 522 U.S. 38, 51 (2007). Nor has he shown that the district court abused its discretion with respect to the extent of the variance. *See United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008).

AFFIRMED.